## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

EMMANUEL KUSI APPIAH,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Crim. Action No. TDC-17-0635
Civil Action No. TDC-22-1165

## MEMORANDUM OPINION

Petitioner Emmanuel Kusi Appiah has filed a "Motion for Habeas Corpus under Section 2255," which the Court construes as a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255. In the § 2255 Motion, Appiah asserts that his 2019 conviction and sentence in this Court on bank fraud, aggravated identity theft, and related charges must be vacated because of a lack of subject matter jurisdiction and because of ineffective assistance of counsel. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the § 2255 Motion will be DENIED.

## BACKGROUND

On February 6, 2019, a federal grand jury in the United States District Court for the District of Maryland returned a seven-count Superseding Indictment charging Appiah with one count of Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1349; four counts of Bank Fraud, in violation of 18 U.S.C. § 1344; and two counts of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). On March 12, 2019, following a three-day trial, the jury found Appiah

guilty on all seven counts.  On July 8, 2019, this Court entered judgment and sentenced Appiah to a total term of 75 months of imprisonment.  That same day, Appiah filed a timely notice of appeal to the United States Court of Appeals for the Fourth Circuit.

On direct appeal, Appiah asserted three errors as grounds for relief:  (1) that the district court erred in declining to remove a juror who revealed that she had not been able to observe him during trial due to an obstruction in the courtroom; (2) that the district court erred by responding to a jury question by instructing the jury to consider all of the evidence in the case, including photographs of the defendant; and (3) that there was insufficient evidence to support the verdict, particularly on the question of whether Appiah was the person who appeared in bank surveillance photographs and thus was a participant in the crimes.  *See United States v. Appiah*, 855 F. App'x 128, 129-30 (4th Cir. 2021).  The Fourth Circuit rejected all of Appiah's arguments, concluded that the "jury had ample evidence" presented at trial "to determine that Appiah was the person seen in the surveillance photographs," and affirmed.  *Id.* at 130.  On May 20, 2022, Appiah filed the present § 2255 Motion.

## DISCUSSION

In his § 2255 Motion, Appiah asserts three grounds for relief.  He argues that (1) the Court lacked jurisdiction over his criminal case because the crimes of conviction are state law crimes; (2) the Court lacked jurisdiction because the grand jury did not properly approve the Superseding Indictment; and (3) his trial counsel provided constitutionally ineffective assistance of counsel by failing to challenge the Superseding Indictment as defective, failing to seek dismissal based on an alleged violation of his right to a speedy trial, and failing to retain an expert witness to examine the Government's surveillance photographs, which appeared to show that he engaged in specific fraudulent transactions at bank ATMs.  The Government argues that all of Appiah's claims are

2

procedurally defaulted, that this Court had jurisdiction over Appiah's criminal case, and that Appiah did not receive ineffective assistance of counsel.

## I.      Legal Standard

A prisoner in federal custody may move to vacate, set aside, or correct the sentence on the basis that:  (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255(a) (2018). The petitioner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

In § 2255 proceedings, a hearing is necessary where there are material disputed facts or where the court must make a credibility determination in order to resolve the motion. *See United States v. Witherspoon*, 231 F.3d 923, 926-27 (4th Cir. 2000). However, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## II.     Procedural Default

As a threshold issue, the Government argues that all of Appiah's claims are barred by the doctrine of procedural default because he did not assert them on direct appeal.  A claim of ineffective assistance of counsel is not subject to procedural default even if it was not asserted on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding that the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."). The Court will therefore address Appiah's ineffective assistance of counsel claims on the merits.

As for Appiah's other claims, which he frames as claims that the Court lacked jurisdiction over his case, § 2255 specifically provides, without qualification, that a court may grant a § 2255 motion "[i]f the court finds that the judgment was rendered without jurisdiction." 28 U.S.C. § 2255(b). Consistent with the principle that a party may not waive the right to "attack the district court's subject-matter jurisdiction on appeal," *see United States v. Moran*, 70 F.4th 797, 802 (4th Cir. 2023), this Court will consider Appiah's argument that his conviction and sentence were invalid because they were rendered by a court without jurisdiction to hear his case. Although Appiah frames his claim that the Superseding Indictment was not properly approved by the grand jury as a jurisdictional argument, the Court need not determine whether it is a challenge to the Court's jurisdiction, or determine whether it was procedurally defaulted, because it will address that claim and its merits in resolving Appiah's ineffective assistance of counsel claim on the same subject.

## III.   Jurisdiction

Appiah first argues that this Court lacked jurisdiction over his criminal case. Appiah contends that because the financial institutions, physical bank branch locations, fraudulent activity, and victims at issue in the charged crimes were all located in or occurred in Maryland, there was no "crime against the United States" sufficient for federal jurisdiction. § 2255 Mot. at 5, ECF No. 132. Appiah further asserts that the "Government violated Appiah's Tenth Amendment right . . . by charging Appiah[] with crimes that took place in the jurisdiction of the State of Maryland." *Id.*

Appiah's claim fails because all of the crimes of conviction are federal crimes set forth in Title 18 of the United States Code, and the federal district courts have original and exclusive jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231 (2018). The United States Constitution grants Congress the power "to regulate Commerce with foreign

4

Nations, and among the several States . . . ." U.S. Const. art. 1, § 8, cl. 3. Pursuant to that grant of authority, Congress has criminalized bank fraud, conspiracy to commit bank fraud, and aggravated identity theft, including in relation to bank fraud. *See* 18 U.S.C. §§ 1344, 1349, 1028A(a)(1), (c)(5). Indeed, the crime of bank fraud consists of fraud against a "financial institution," which is defined as one with deposits insured by the Federal Deposit Insurance Corporation, which is a federal agency. *See* 18 U.S.C. § 1344(1); *United States v. Bales*, 813 F.2d 1289, 1293 n.2 (4th Cir. 1987). In turn, as charged against Appiah, the federal crime of aggravated identity theft required that the activity occurred during and in relation to the federal crime of bank fraud. Superseding Indictment, Counts 5-6, ECF No. 56.

The Fourth Circuit has rejected analogous jurisdictional challenges against similar statutes. For example, in *United States v. Harris*, 530 F.2d 576 (4th Cir. 1976), the court held that it is "beyond question that federal jurisdiction is properly established under" the federal bank robbery statute "where the bank which is robbed is . . . a banking institution whose deposits are insured by the Federal Deposit Insurance Corporation." *Id.* at 578. Similarly, in *United States v. Peay*, 972 F.2d 71 (4th Cir. 1992), the court concluded that there is federal jurisdiction over the federal crime of money laundering, 18 U.S.C. § 1956, because the crime involves transactions with financial institutions insured by the FDIC, and such transactions "affect interstate commerce." *See Peay*, 972 F.2d at 75. Therefore, this Court properly had jurisdiction over Appiah's criminal proceedings.

## IV.    Ineffective Assistance of Counsel

Appiah's remaining arguments all consist of claims that his trial counsel rendered ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the

5

assistance of counsel for his defense." U.S. Const. amend. VI. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court held that to prevail on a claim of ineffective assistance of counsel, a petitioner must establish two prongs: deficient performance and prejudice. *Id.* at 692. First, the petitioner must show that counsel's performance was deficient in that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Deficiency exists when "counsel's representation fell below an objective standard of reasonableness" under "prevailing professional norms." *Id.* at 688; *see Wiggins v. Smith*, 539 U.S. 510, 521 (2003). "Judicial scrutiny of counsel's performance must be highly deferential" and apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

Second, a petitioner must show prejudice in that the deficient performance by counsel consisted of errors that "were so serious as to deprive the defendant of a fair trial" whose result was reliable. *Id.* at 687. To establish such prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id.* A petitioner is not entitled to post-conviction relief based on prejudice where the record establishes that it is "not reasonably likely that [the alleged error] would have made any difference in light of all the other evidence of guilt." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010).

In his § 2255 Motion, Appiah asserts that his trial counsel provided ineffective assistance of counsel by (1) failing to challenge the Superseding Indictment as unlawful because there has been no showing that 12 members of the grand jury voted to approve the charges, also styled as a jurisdictional argument; (2) failing to seek dismissal based on an alleged violation of Appiah's right to a speedy trial; and (3) failing to retain an expert witness to examine the Government's photographic evidence, which he alleges to be fraudulent.

## A.    The Indictment

First, Appiah alleges, as both an ineffective assistance of counsel claim and as a jurisdictional challenge, that the Superseding Indictment was unlawful because there has been no showing that a majority of the grand jury voted to approve the charges. Construed either way, Appiah's claim fails. The Fifth Amendment to the United States Constitution requires that a criminal defendant be charged only through an "indictment of a Grand Jury." U.S. Const. amend. V. To fulfill this requirement, the Federal Rules of Criminal Procedure require the foreperson of the grand jury to "record the number of jurors concurring in every indictment and [] file the record with the clerk, but the record may not be made public unless the court so orders." Fed. R. Crim. P. 6(c). In addition, an indictment is lawful only "if at least 12 jurors concur," and if the grand jury, its foreperson, or its deputy foreperson "return[s] the indictment to a magistrate judge in open court." Fed. R. Crim. P. 6(f).

The Supreme Court has recognized "that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Consistent with this principle, courts will affirm the lawfulness of indictments after satisfying, through *in camera* review, that the requirements of Rule 6 were met. *See United States v. Missler*, 299 F. Supp. 1268, 1270 n.3 (D. Md. 1969), *aff'd*, 427

F.2d 1369 (4th Cir. 1970). If the question of whether 12 or more grand jurors agreed to indict is raised, "the court will advise the defendant only that 12 or more jurors concurred in finding the indictment in order to preserve the secrecy provided for by Rule 6." *Id.*

Upon *in camera* review of the records associated with the return of the Superseding Indictment on February 6, 2019, the Court finds that the requirements of Rule 6 were met. At least 12 jurors concurred in the Superseding Indictment, a record of that vote was filed with the Clerk of the Court, and the Superseding Indictment was properly returned in open court to a United States magistrate judge. The Court finds no basis in the record to conclude, as Appiah claims, that the Superseding Indictment was fraudulently procured.

Because the Superseding Indictment was properly approved by at least 12 grand jurors, there was no defect in the Superseding Indictment or how it was obtained. Accordingly, Appiah's trial counsel cannot have provided deficient performance by failing to challenge the validity of the Superseding Indictment, and there was no prejudice resulting from that decision. *See Strickland*, 466 U.S. at 694. Appiah's ineffective assistance of counsel claim based on this issue therefore fails. In turn, to the extent that the Court can properly consider Appiah's purported jurisdictional challenge to his conviction based on the alleged defect in the Superseding Indictment, it rejects that challenge based on its finding that the Superseding Indictment was properly approved by a majority of the grand jury.

### B.    Speedy Trial

Second, Appiah asserts that his trial counsel's failure to argue that there was a violation the federal Speedy Trial Act, 18 U.S.C. § 3161(c)(1), and thus a violation of his Sixth Amendment right to a speedy trial, constituted ineffective assistance of counsel. The Speedy Trial Act provides that a defendant's criminal trial must commence within 70 days after the filing of the indictment

or the defendant's initial appearance on the charges, whichever occurs last, subject to statutorily permitted exclusions of time.  18 U.S.C. §§ 3161(c)(1), (h)(1)-(8).  As relevant here, periods excluded from the 70-day time period include: "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," *id.* § 3161(h)(1)(D); "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court," *id.* § 3161(h)(1)(H); and "[a]ny period of delay resulting from a continuance granted by any judge," provided that the judge makes a finding on the record that "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial" and sets forth in the record the reasons for that finding.  *Id.* § 3161(h)(7)(A).

        After accounting for time excluded, fewer than 70 days elapsed between Appiah's initial appearance and his trial.  On March 30, 2018, Appiah's 70-day clock commenced upon his initial appearance on the charges in the original Indictment.  In granting two separate Government motions consented to by Appiah's counsel, the Court excluded the time periods from March 30, 2018 to May 25, 2018 and from May 25, 2018 to July 24, 2018 from the speedy trial calculation pursuant to § 3161(h)(7).  In the Orders granting those motions, the Court made the findings required by § 3167(h)(7) and provided the specific reasons for those findings, namely, that the time was needed to allow defense counsel to review the voluminous discovery, to prepare and file pretrial motions, and to engage in plea discussions with the Government.  During that exclusion period, on June 23, 2018, Appiah's counsel filed several pretrial motions.  These motions automatically tolled Appiah's speedy trial clock through the motions hearing plus up to 30 days during which the motion was "actually under advisement by the court."  *See* 18 U.S.C. §§ 3161(h)(1)(D), (H).  The Court held the motion hearing on November 30, 2018 and resolved

9

several of the motions that day, but it also requested supplemental briefing from the Government on one of the motions. The Government filed that supplemental brief on December 6, 2018, and the Court granted Appiah until January 4, 2019 to file a supplemental brief in response. The Court then ruled on Appiah's remaining pending motion for disclosure on January 7, 2019, within three days after the matter was under advisement. Accordingly, the time period from June 23, 2018 to January 7, 2019 was excluded under § 3161(1)(D) and (H) based on the Court's consideration of the pretrial motions.

Overall, the time period from March 30, 2018 to January 7, 2019 was excluded from the 70-day period mandated by the Speedy Trial Act. Accordingly, there was no Speedy Trial Act violation because Appiah's trial began on March 5, 2019, less than 70 days after January 7, 2019, when Appiah's speedy trial clock began to run.

Because Appiah's speedy trial rights were not violated under the terms of the statute, the Court cannot deem Appiah's counsel to have provided deficient performance by failing to assert such a challenge. *See Strickland*, 466 U.S. at 688. Therefore, the Court rejects Appiah's claim of ineffective assistance of counsel based on the failure to assert a challenge under the Speedy Trial Act.

### C.    Expert Witness

Third, Appiah alleges that he received ineffective assistance of counsel when his attorney failed to present an expert witness to examine the Government's evidence, including the bank surveillance photographs purportedly showing him engaged in fraudulent transactions, because he alleges that such an expert would have shown that the photographs were altered using Photoshop.

Appiah has provided no facts that demonstrate that the failure to retain an expert witness to examine the photographs was deficient performance. Having reviewed the evidence at trial,

and having heard the testimony of the witnesses relating to the photographs, the Court finds no basis to suspect, much less conclude, that the photographs were fraudulently altered, through Photoshop or otherwise.  Under these circumstances, and where the Government offered no expert witnesses relating to the photographs, it is not clear why trial counsel would have had any basis to seek to retain an expert witness.

Even without considering trial counsel's reasons for not seeking an expert witness, the Court finds that this claim also fails because Appiah has not demonstrated prejudice.  When a petitioner's ineffective assistance of counsel claim rests on trial counsel's failure to call particular witnesses, expert or otherwise, courts require "a specific proffer . . . as to what an expert witness would have testified." *Vandross v. Stirling*, 986 F.3d 442, 452 (4th Cir. 2021) (quoting *Goins v. Warden, Perry Corr. Inst.*, 576 F. App'x 167, 173 (4th Cir. 2014)).  A petitioner's failure to do so "reduces any claim of prejudice *to mere speculation* and is fatal to his claim." *Id.*  In *Vandross*, the court rejected a claim of ineffective assistance of counsel based on the failure to retain an expert witness to challenge the prosecution's forensic evidence, even though the petitioner submitted an affidavit from an expert witness who stated that he believed that if retained, he would have undermined the integrity of the evidence, because the expert witness did not proffer "any evidence of what an expert would have concluded," whether derived from testing of the evidence itself or otherwise. *Id.*  Here, Appiah has failed to identify an expert witness prepared to offer testimony or evidence that the photographs were fraudulently altered, and he has provided no facts or evidence of any kind that would support the conclusion that the photographs were fraudulently altered.  Where Appiah has offered only speculation and has provided no basis to show any reasonable probability that with the retention of an expert witness, "the result of the proceeding would have been different" in that the factfinder "would have had a reasonable doubt respecting

11

guilt," *see Strickland,* 466 U.S. at 694-95, the Court finds that he has failed to show prejudice and rejects this claim of ineffective assistance of counsel.

## V.    Certificate of Appealability

A prisoner has no absolute entitlement to appeal a district court's denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B).  To appeal this Court's denial of his § 2255 Motion, Appiah must first obtain a certificate of appealability.  *Id.*  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2). When a district court reaches the merits of a § 2255 motion, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court finds that Appiah has not met this standard and thus will not issue a certificate of appealability.  Appiah may still seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit.  *See* Fed. R. App. P. 22(b)(1).

## CONCLUSION

For the foregoing reasons, Appiah's § 2255 Motion will be DENIED.  The Court will decline to issue a certificate of appealability.  A separate Order shall issue.

Date:    October 18, 2023

THEODORE D. CHUANG
United States District Judge

12